UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 10-80258
Chapter 13

JAMES MICHAEL HENDERSON,

Debtor.

**MEMORANDUM OPINION**

Before the court is the Bankruptcy Administrator's objection to the payment of chapter 13 attorney fees to debtor's counsel as an administrative expense from funds collected by the chapter 13 trustee during the administration of the debtor's unconfirmed chapter 13 case. For the following reasons, the court concludes that the objection must be overruled.

Jurisdiction

The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because an objection to claim is at issue here, this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(B).

Undisputed Facts

Debtor filed a petition under chapter 13 of the Bankruptcy Code on February 23, 2010. Prior to confirmation, the case was converted to chapter 7. Debtor's counsel subsequently filed a motion requesting that the chapter 13 trustee disburse attorney's fees as an administrative expense from funds held on hand which counsel had earned during the chapter 13 case. Counsel did not request any attorney fees in the debtor's chapter 7 case.

The Bankruptcy Administrator objected to the disbursement of chapter 13 funds citing *Lamie v. U.S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023 (2004) which she contends stands for the proposition that attorneys' fees cannot be paid to debtors' counsel as an administrative expense. The Bankruptcy Administrator further

contends that debtors' counsel must obtain court approval to be employed by the trustee in order for any attorney fees to be paid as an administrative expense.

Conclusions of Law

This court reviewed the *Lamie* case along with 11 U.S.C. §§ 327, 330, and 1326. The Court in *Lamie* held that payment of attorney fees in a Chapter 7 is prohibited under Section 330(a)(1) unless employment of counsel by the trustee is approved by a court. However, the Court specifically pointed out that compensation for attorney fees under a chapter 7 is treated differently than attorney fees earned in a chapter 12 and 13.

> "Under the text's instruction compensation remains available to debtors' attorneys through various permitted means. First, while § 330(a)(1) requires proper authorization for payment to attorneys from estate funds in Chapter 7 filings, it does not extend throughout all bankruptcy law. Compensation for debtors' attorneys in Chapter 12 and 13 bankruptcies, for example, is not much disturbed by § 330 as a whole ..."

*Lamie* at 540 U.S. at 536-537, 124 S.Ct. at 1031.

The 1994 Bankruptcy Reform Act amended Section 330 by adopting Section 330(a)(4)(B) which states:

> "(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."

11 U.S.C. § 330(a)(4)(B)

Therefore, this court is convinced that the Court's holding in *Lamie* governs administrative expense claims for attorney fees in chapter 7 cases as well as any attorney fees which are earned subsequent to the filing or conversion of a case to chapter 7. Further, chapter 13 attorney fees may be awarded to a debtor's counsel as

an administrative expense without the requirement for employment by the trustee pursuant to Section 330(a)(4)(B) and supported by the specific exception cited in *Lamie* for chapter 12 and 13 cases.

## Conclusion

For the foregoing reasons, a separate order will enter granting debtor's counsel for payment of attorneys fees from funds currently held by the chapter 13 but after all filing fees and costs have been paid.

DONE this 10th day of June, 2010

/s/ DWIGHT H. WILLIAMS, JR.
United States Bankruptcy Judge

cc:  Debtor
Paul Esco, Counsel for Debtor
Teresa Jacobs, Bankruptcy Administrator
Curtis C. Reding, Trustee